Todd C. Atkins (CA Bar No. 208879)
*tatkins@siprut.com*
**SIPRUT PC**
2261 Rutherford Road
Carlsbad, CA 92008
(619) 665-3476

Matthew M. Wawrzyn (*pro hac vice* pending)
*mwawrzyn@siprut.com*
Stephen C. Jarvis (*pro hac vice* pending)
*sjarvis@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 236-0000

*Counsel for William Grecia*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Grecia, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| DISH Network L.L.C., | |
| Defendant. | |

## COMPLAINT FOR WILLFUL PATENT INFRINGEMENT

Before filing this Complaint, William Grecia shared a detailed analysis with DISH Network L.L.C. (hereinafter, "DISH") showing how the "DISH Anywhere" service infringes the patent-in-suit. Despite knowledge of likely infringement, DISH refused to take a license. Mr. Grecia seeks through this action a reasonable royalty for DISH's infringement of Mr. Grecia's invention. He also seeks treble damages in view of DISH's wanton disrespect for the rights of

Complaint for Willful Patent Infringement                 1

individual inventors.

1. William Grecia is an individual. He maintains a residence in Downingtown, Pennsylvania.

2. DISH is a Colorado limited liability company, having its principal place of business in Englewood, Colorado.

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over DISH. DISH conducts continuous and systematic business in California and this District. For example, DISH sells the "DISH Anywhere" service to DISH customers in this District. As such, DISH uses and sells a cloud computing system that authorizes DISH users in this District access to digital content such as movies and television shows. This patent-infringement claim arises directly from DISH's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over DISH would be consistent with the California long-arm statute and traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

7. William Grecia owns United States Patent No. 8,887,308 (the "308 patent"), attached hereto as "Exhibit 1."

8. The '308 patent is valid and enforceable.

9. On January 20, 2016, Mr. Grecia sent DISH the claim chart attached hereto as "Exhibit 2." The chart outlines how the "DISH Anywhere" service infringes.

   a. The first step of the '308 patent is "receiving an access request for digital content through an apparatus in process with at least one CPU, the access request being a write request to a data store . . . the access request further comprises verification data provided by at least one user, wherein the

Complaint for Willful Patent Infringement                    2

verification data is recognized by the apparatus as a verification token . . . ." ('308 patent, 14:34-44.) The DISH Anywhere website—www.dishanywhere.com—is an apparatus in process with a server CPU. When a DISH Anywhere user (hereinafter, the "User") logs in, DISH receives the User's username and password. DISH processes this access request as a write request—that is, a request to write an object to a data store that will allow the User access to protected DISH content. The DISH Anywhere website apparatus recognizes the username and password as a verification token.

b. Next, the '308 patent involves "authenticating the verification token of (a) using a database recognized by the apparatus of (a) as a verification token database . . . ." ('308 patent, 14:45-47.) The DISH Anywhere username and password is authenticated by DISH using a verification token database recognized by the DISH Anywhere website.

c. At this point in the process, the '308 patent performs the step that the United States Patent and Trademark Office declared the novel step of the invention: "establishing an API communication between the apparatus of (a) and a database apparatus . . . being a different database from the verification token database of (b) wherein the API is related to a verified web service wherein the verified web service is a part of the database apparatus, wherein establishing the API communication requires a credential assigned to the apparatus of (a), wherein the apparatus assigned credential is recognized as a permission to conduct a data exchange session between the apparatus of (a) and the database apparatus to complete the verification process, wherein the data exchange session is also capable of an exchange of query data, wherein the query data comprises at least one verified web service account identifier . . . ." ('308 patent, 14:48-62.) The server CPU in process with the DISH Anywhere website establishes an API communication with the Synacor Cloud ID Auto

Complaint for Willful Patent Infringement     3

        Auth API. DISH Anywhere passes a credential assigned to the DISH Anywhere website apparatus that is accepted by the Synacor Cloud ID API, which allows a data exchange session with the Cloud ID web service. DISH Anywhere is thus equipped to exchange query data—*viz.*, the User's Synacor Cloud ID account identifier.

    d. The next two steps involve requesting and receiving the query data. ('308 patent, 14:63-15:2.) DISH performs both steps when the server CPU in process with the DISH Anywhere website and in connection with the Synacor Cloud ID verified web service requests and then receives the User's Synacor account identifier (query data).

    e. Finally, the '308 patent involves "creating a computer readable authorization object by writing into the data store of (a) at least one of: the received verification data of (a); and the received query data of (e); wherein the created computer readable authorization object is recognized by the apparatus of (a) as user access rights associated to cloud digital content, wherein the computer readable authorization object is processed by the apparatus of (a) using a cross-referencing action during subsequent user access requests to determine one or more of a user access permission for the cloud digital content." ('308 patent, 15:3-14.) The server CPU in process with the DISH Anywhere website creates a CPU readable authorization object when the server CPU writes the User's Synacor Cloud ID (query data) to the connected data store. The DISH Anywhere website recognizes the authorization object as the User's access rights on subsequent access requests.

10.     DISH is willfully infringing the '308 patent. The chart provided to DISH before this case was filed shows that the '308 patent literally reads on the DISH Anywhere service. Notwithstanding this particular knowledge of infringement, DISH refused to take a license. DISH has no respect for the rights of individual inventors like Mr. Grecia.

Complaint for Willful Patent Infringement      4

WHEREFORE, William Grecia prays for the following relief against DISH:

(a) Judgment that DISH has directly infringed the '308 patent and that DISH has done so willfully;

(b) For a reasonable royalty and treble damages;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

William Grecia demands a trial by jury on all matters and issues triable by jury.

Date: February 3, 2016                               Respectfully Submitted,


*/s/ Matthew M. Wawrzyn*

Todd C. Atkins (CA Bar No. 208879)
*tatkins@siprut.com*
**SIPRUT PC**
2261 Rutherford Road
Carlsbad, CA 92008
(619) 665-3476

Matthew M. Wawrzyn (*pro hac vice* pending)
*mwawrzyn@siprut.com*
Stephen C. Jarvis (*pro hac vice* pending)
*sjarvis@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 236-0000

*Counsel for William Grecia*

4850-7773-0605, v. 1

Complaint for Willful Patent Infringement                5